**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMMY PINEDA, et al., | CASE NO. CV F 10-0847 LJO GSA |
| Plaintiffs, | **ORDER ON GOVERNMENT'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 5.) |
| GOLDEN VALLEY HEALTH CENTERS, et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Defendant United States of America ("Government") seeks to dismiss certain of plaintiffs Tammy Pineda ("Ms. Pineda") and Sergio Pineda's ("Mr. Pineda's") medical malpractice and loss of consortium claims as barred for failure to exhaust administrative remedies and in turn to invoke this Court's subject matter jurisdiction.  Mr. and Ms. Pineda acknowledge their failure to exhaust administrative remedies and request dismissal without prejudice, to which the Government agrees.  This Court considered the Government's F.R.Civ.P. 12(b)(1) motion to dismiss on the record and VACATES the July 1, 2010 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES without prejudice the claims subject to the Government's F.R.Civ.P. 12(b)(1) motion.

## BACKGROUND

Mr. and Ms. Pineda pursue medical malpractice and loss of consortium claims arising from alleged failure to diagnose and treat Ms. Pineda's broken neck.  Mr. and Ms. Pineda's operative

1

complaint ("complaint")[1] names as a defendant Golden Valley Health Centers ("Golden Valley"), a federally-funded healthcare facility and grantee of the U.S. Department of Health & Human Services ("HHS") and thus covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, through the Federally Supported Health Centers Assistance Act, 42 U.S.C. Section 233.   The complaint also names as defendants, among others, Golden Valley employees James A. Kraus, M.D., Susan Kraus, M.D., Trong Trinh, M.D., Silvia Diego, M.D., Vikram Khanna, M.D., Enrique Talamantes, PA-C, and Natalie A. Mattos, PA-C, each of whom acted within the scope of their Golden Valley employment at times relevant to Mr. and Ms. Pineda's claims.[2]  As such, the Government notes that it is the proper defendant in place of the Golden Valley defendants.[3]

The Government challenges this action against the Golden Valley defendants in absence of an administrative claims to invoke this Court's subject matter jurisdiction.

Prior to the Government's motion, Mr. and Ms. Pineda's counsel was unaware that the Golden Valley defendants were covered under the FTCA via the Federally Supported Health Centers Assistance Act.  On June 1, 2010, Mr. and Mrs. Pineda served the HHS Office of General Claims with their FTCA claims.  Mr. and Mrs. Pineda request dismissal without prejudice of the Golden Valley defendants to which the Government agrees.

## DISCUSSION

### F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.

---

[1]   Mr. and Ms. Pineda filed their complaint on September 22, 2008 in Stanislaus County Superior Court.  The Government removed the action to this Court.

[2]   These Golden Valley employees along with Golden Valley will be referred to collectively as the "Golden Valley defendants."

[3]   28 U.S.C. § 2679(d)(1) provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . shall be deemed an action against the United States under the provisions of this title . . ., and the United States shall be substituted as the party defendant." After certification, the action "'shall be deemed an action against the United States' [under the FTCA] 'and the United States shall be substituted as the party defendant.'" *United States v. Smith*, 499 U.S. 160, 164, n. 5, 111 S.Ct. 1180, 1184, n. 5, 113 L.Ed.2d 134 (1991) (brackets in original) (quoting 28 U.S.C. § 2679(d)(2)).  The Government provided the requisite Attorney General certification.

2

1  Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

2  375, 377, 114 S.Ct. 341 (1994).  "A federal court is presumed to lack jurisdiction in a particular case

3  unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221,

4  1225 (9th Cir. 1989).  Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen*

5  *Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  A plaintiff bears the

6  burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396;

7  *see Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) ("plaintiff

8  has burden of proving jurisdiction" to survive a F.R.Civ.P. 12(b)(1) motion to dismiss).

9  When addressing an attack on the existence of subject matter jurisdiction, a court "is not

10  restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).  In such a

11  case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to

12  jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct.

13  541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704

14  F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court

15  "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

16  No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed

17  material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co.,*

18  *Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  On a factual attack of a

19  complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or

20  other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v.*

21  *Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

22  "The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the

23  court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp.

24  1065, 1067 (E.D. Cal. 1993).  "[T]he burden of proof is on the plaintiff to support allegations of

25  jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v.*

26  *Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

27  **Sovereign Immunity And FTCA Requirements**

28  "The United States, as sovereign, is immune from suit save as it consents to be sued." *United*

1   *States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941). "There cannot be a right to money

2   damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct.

3   948, 954 (1983). "[T]he United States may not be sued without its consent and that the existence of

4   consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961,

5   2965 (1983).

6        A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed.

7   *See Testan*, 424 U.S. at 399, 96 S.Ct. at 953-954. "[S]tatutes which are claimed to be waivers of

8   sovereign immunity are to be strictly construed against such surrender." *Safeway Portland Emp. Federal*

9   *Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

10        A party bringing a cause of action against the federal government bears the burden of showing

11   an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert.*

12   *denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). "Thus, the United States may not be sued

13   without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*,

14   817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "The question

15   whether the United States has waived its sovereign immunity against suits for damages is, in the first

16   instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d at 560. "Absent consent to sue,

17   dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

18        The Government explains that FTCA compliance is required for medical malpractice claims

19   against federally funded health care facilities and their employees acting in the scope of their

20   employment.

21        "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows

22   claims against the United States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).

23   The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the

24   negligence of Government employees." *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992).

25        The FTCA requires a government tort plaintiff, prior to filing a district court action, to present

26   a "claim to the appropriate Federal agency" and the agency's claim denial. 28 U.S.C. § 2675. The

27   FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money

28   damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. U.S.*, 508 U.S.

106, 107, 113 S.Ct. 1980 (1993) (quoting 28 U.S.C. § 2675(a)); *see Jerves*, 966 F.2d at 518 ("before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim").  Under 28 U.S.C. § 2401(b), a claimant must file a district court action within six months of an agency's claim denial or expiration of six months within which the agency must act, 28 U.S.C. § 2675(a).

The Ninth Circuit Court of Appeals has explained:

> The requirement of an administrative claim is jurisdictional. . . . Because the requirement is jurisdictional, it "must be strictly adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States."

*Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citations omitted.); *see Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.")

"[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497 (1980).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993).

Moreover, a district court lacks jurisdiction if a civil action is filed prior to an agency's six months for review.  In *McNeil*, 508 U.S. at 111, 113 S.Ct. 1980, the U.S. Supreme Court explained:

> . . .Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

"A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made."  *Jerves*, 966 F.2d at 519 (dismissal proper in that plaintiff had "not met the jurisdictional requirements" by commencing action before receiving the final agency denial of claim and "without allowing six

1   months to elapse from the date of her initial administrative filing").

2      Furthermore, an action filed prior to exhaustion, cannot be remedied by amendment after

3   expiration of the six-month administrative review period.  "To permit the premature filing of an FTCA

4   action to be cured by the filing of an amended complaint upon denial of the administrative claim would

5   be inconsistent with both *McNeil* and the rationale behind the jurisdictional prerequisite mandated by

6   the FTCA, 28 U.S.C. § 2675(a)."  *Sparrow v. U.S. Postal Service*, 825 F.Supp. 252, 254 (E.D. Cal.

7   1993).  "If the claimant is permitted to bring suit prematurely and simply amend his complaint after

8   denial of the administrative claim, the exhaustion requirement would be rendered meaningless."

9   *Sparrow*, 825 F.Supp. at 255.

10     There is no dispute that Mr. and Mrs. Pineda failed to bring administrative claims against the

11  Golden Valley defendants prior to filing their complaint.  The above authorities establish that this Court

12  lacks jurisdiction over the Golden Valley defendants to warrant their dismissal.  Given the positions of

13  the Government and Mr. And Ms. Pineda, dismissal of the Golden Valley defendants without prejudice

14  is in order.

15                              **CONCLUSION AND ORDER**

16     For the reasons discussed above, this Court DISMISSES without prejudice this action against

17  the Golden Valley defendants.

18     IT IS SO ORDERED.

19  **Dated:     June 25, 2010**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

                                    6