1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9  TAMMY PINEDA and SERGIO PINEDA,  )  1:10-cv-847-LJO-GSA
                                    )
10          Plaintiffs,             )
                                    )
11                                  )
    v.                              )
12                                  )
    GOLDEN VALLEY HEALTH CENTERS;   )
13  JAMES A. KRAUS; M.D.; SUSAN     )  FINDINGS AND RECOMMENDATIONS
    KRAUS, M.D.; ENRIQUE            )  RE: DEFENDANT STANFORD UNIVERSITY
14  TALAMONTES, PA-C; BURNELL       )  MEDICAL CENTER'S MOTION TO
    VASSAR, M.D.; TRONG TRINH, M.D.;)  TO REMAND
15  NATALIE A. MATTOS, PA-C; T.     )
    WILSON, M.D.; SILVIA DIEGO, M.D.;)
16  M. CODY, P.A.: VIKRAM KHANNA    )
    M.D.; MODESTO RADIOLOGICAL      )
17  MEDICAL GROUP, INC.; MODESTO    )
    RADIOLOGY IMAGING; AJIT S. NIJJAR )
18  M.D.; JOSEPH FLUENCE, M.D.;     )
    MICHAEL ZEPPA, M.D.; DR. NGUYEN;)
19  WARREN DAVID CLIFT, M.D.;       )  (Document 19)
    STANFORD UNIVERSITY MEDICAL     )
20  CENTER; STEPHEN I. RYU, M.D.;   )
    LESLIE DORFMAN, M.D.; UNITED    )
21  STATES OF AMERICA; and DOES     )
    1-100, inclusive                )
22                                  )
            Defendants.             )
23  _____)

24

## I.      Introduction

25

26      On August 16, 2010, Stanford University Medical Center ("Stanford University") filed

the instant Motion to Remand.  (Doc. 19).  Non-oppositions to the motion were filed by
27

defendants, Ajit S. Nijjar M.D., Warren David Clift, M.D., and Modesto Radiological Medical
28

1  Group Inc. [1]  (Docs. 21 and 22).   No other party responded to the motion.   The Court reviewed

2  the pleadings and determined that this matter is suitable for decision without oral argument

3  pursuant to Local Rule 230 (c) and (g).  The hearing set for September 10, 2010 at 9:30 am was

4  vacated.  (Doc. 23).  Having considered all written materials submitted, it is recommended that

5  Defendant Stanford University's Motion to Remand be GRANTED.

6  **II.    Procedural Background**

7      Tammy and Sergio Pineda ("Plaintiffs"), filed this case on September 22, 2008, in the

8  Stanislaus County Superior Court (Case no. 631980).  The complaint alleged state law claims

9  including medical malpractice and loss of consortium arising from defendants alleged failure to

10  diagnose and treat Ms. Pineda's broken neck.  (Doc. 1)  The United States removed this action on

11  May 13, 2010.  (Doc. 1).

12      There were a total of twenty two defendants in this action including: Golden Valley

13  Health Centers; James Kraus, M.D.; Susan Kraus, M.D.; Enrique Talamantes, PA-C; Burnell

14  Vassar, M.D.; Trong Tringh, M.D.; Natalie Mattos, PA-C; T. Wilson, M.D.; Silvia Diego, M.D.;

15  M. Cody, P.A.; Vikram Khanna, M.D.; Modesto Radiological Medical Group, Inc.; Modesto

16  Radiology Imaging; Ajit Njjar, M.D.; Joseph Fluence, M.D.; Michael Zeppa, M.D.; Dr. Nguyen,

17  M.D.; Warren David Clift, M.D.; Stanford University; Stephen I. Ryu, M.D.;  Leslie Dorfman,

18  M.D.; and the United States for America.

19      The majority of the defendants were employed by the federal government or were federal

20  agencies.  On May 25, 2010, the United States filed a Motion to Dismiss the federal defendants

21  because Plaintiffs had not exhausted their administrative remedies under the Federal Tort Claims

22  Act ("FTCA"). (Doc. 5).   Plaintiffs did not oppose the Motion to Dismiss.  (Doc. 8).   On June

23  28, 2010, Golden Valley Health Centers; James Kraus, M.D.; Susan Kraus M.D.; Enrique

24  Talamantes, PA-C, Silva Diego, M.D.; and Vikram Khanna, M.D. were dismissed pursuant to

25  the United States' Motion.  (Doc. 11).  Plaintiffs also voluntarily dismissed the other federal

26

27

28      [1] The non-oppositions were filed on August 17 and August 18, 2010.

defendants. [2]  Currently, there are six remaining defendants including: Modesto Radiological Medical Group, Inc.; Modesto Radiology Imaging; Ajit Nijjar, M.D.;  Joseph Fluence, M.D.; Warren Clift, M.D.; and Stanford University Medical Center. [3]  None of the remaining defendants are employed by the federal government or are federal agencies.

Stanford University filed the instant Motion to Remand on the basis that federal jurisdiction no longer exists because all of the federal defendants have been dismissed from this action.  As previously noted, Plaintiffs have not filed an opposition to the Motion to Remand.

**III.   Discussion**

This case was removed pursuant to 28 U.S.C. §§ 1441, 1442(a) and 2679(d) since Plaintiffs sought damages from federal defendants for alleged torts.  The federal defendants had defenses they are entitled to assert and adjudicate in federal court, including defenses under the FTCA.  The state law claims were removed pursuant to supplemental jurisdiction.  28 U.S.C. § 1367.

Since all of the federal defendants have been dismissed from this action, all that remains active in the complaint are state law claims.[4]  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded ..."  28 U.S.C. 1447(c); Gibson v. Chrysler Corp., 261 F. 3d 927, 932 (9th Cir. 2001).  "Subject matter jurisdiction cannot be established by the parties' consent, and a lack of subject matter jurisdiction is a non-waivable defect."  Gibson v. Chrysler Corp., 261 F. 3d at 948, see also, Lengyel v. Sheboygan County, 882 F. Supp. 137, 138 (E.D. Wis 1995) ("When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer

---

[2]  The following defendants were voluntarily dismissed by Plaintiffs either prior to or after removal: Burnell Vassar, M.D.; Trong Trinh, M.D.; Natalie Mattos, PA-C; T. Wilson, M.D.; M.Cody, P.S.; Michael Zeppa, M.D.; Stephen Rhu, M.D.; and Leslie Dorfman, M.D.

[3]  The Court notes that Mr. Hawkins is not listed in the CM/ECF system as of the date of the filing of this motion, however, Defendant Stanford University served Mr. Hawkins with the Motion to Remand on August 16, 2010 (Doc. 19).

[4]  The Court notes that cases against the federal defendants may be initiated after the administrative remedies are exhausted.  However, exhaustion of administrative remedies may take up to a year and the Court will not stay this action to allow Plaintiffs the opportunity to complete this process since this case is already two years old and a stay will be too prejudicial to the other defendants.

to remain in federal court.").

Moreover, when state law claims are removed based on supplemental jurisdiction in conjunction with a federal question claim and the federal question claim is dismissed, the district court retains discretion to exercise supplemental jurisdiction over the remaining state law claims. When the federal claim is dropped from the suit in the early stages of litigation, as it was in this case, federal courts should decline to exercise jurisdiction over the remaining state law claims. Carnegie-Mellon Univ., 484 U.S. 343, 350 (1988) 484 U.S. at 350, 108 S.Ct. at 619 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130,1139 (1966)).

Here, the Court lacks subject matter jurisdiction and the case should be remanded to the state court pursuant to 18 U.S.C. § 1447(c).

**IV.     Conclusion and Recommendation**

Based on the above, IT IS HEREBY RECOMMENDED that Stanford University's Motion to Remand be GRANTED and that the action be REMANDED to the Stanislaus County Superior Court for all further proceedings.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).  Within ten (10) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    September 13, 2010**              _____ **/s/ Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE